IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

LONG ISLAND OFFICE

| | | |
|---|---|---|
| WHETSEL WADE,<br>    Petitioner. | ) | Civil Case No.:_____<br>Criminal Case No.: CR-05-15 (JS) |
| | ) | |
| | ) | **CV  10  5727** |
| -vs.- | ) | SEYBERT, J. |
| | ) | |
| UNITED STATES OF AMERICA,<br>    Respondent. | ) | UNITED STATES DISTRICT JUDGE<br>JOANNA SEYBERT |
| | ) | |

---

PETITIONER WHETSEL WADE'S

MEMORANDUM OF LAW IN SUPPORT OF

PETITIONER WHETSEL WADE'S

MOTION UNDER 28 U.S.C. § 2255

TO VACATE, SET ASIDE, OR CORRECT SENTENCE

BY A PERSON IN FEDERAL CUSTODY.

---

COMES NOW, the Petitioner, WHETSEL WADE, in propria personam, sui juris, acting as his own Counsel, pursuant to the Federal Rules of Civil Procedure, and files this his Memorandum of Law In Support of Petitioner Whetsel Wade's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. The Petitioner respectfully requests that this Honorable Court construe his pleadings liberally, consistent with the holdings of the United States Supreme Court in Haines v. Kerner, 404 U.S. 519 (1972); and Estelle v. Gamble, 429 U.S. 97 (1976). In support of which he states as follows:

-Page 2-

## THE PARTIES:

The Movant/Petitioner, Whetsel Wade, hereinafter referred to as "Movant"; "Petitioner"; "Defendant"; "Whetsel Wade"; "Mr. Wade"; and/or "Wade"; is a prisoner in federal custody.  Mr. Wade is presently incarcerated at FCI Big Spring, in Big Spring, Texas.

The Respondent, the United States of America, hereinafter referred to as "Respondent"; "United States of America"; "United States"; "Government"; and/or "Prosecutor", prosecuted Mr. Wade and is holding Wade in federal custody.

## JURISDICTION:

Jurisdiction is proper.  This Court has jurisdiction over the instant matter, pursuant to Title 28 U.S.C. § 2255.  The instant Memorandum is in support of Wade's Motion, seeking relief because Wade's trial counsel failed to file a requested Notice of Appeal and appeal of Mr. Wade's criminal judgement of sentence.  "Trial counsel's failure to file requested appeal constitutes an independant ground for habeus relief" under Title 28 U.S.C. § 2255. Garcia v. U.S., 278 F.3d 134, 137 (2nd Cir. 2002), citing Roe v. Flores-Ortega, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)("when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.")  Mr. Wade seeks an opportunity to obtain fair and subst-

-Page 3-

antial justice regarding his sentence through the instant [Motion and] Memorandum, as the federal courts have traditionally served as a safety net for those who have had their constitutional rights.violated.

<u>VENUE:</u>

Venue is proper.  The Movant was sentenced by this Honorable Court, and the statute indicates that motions filed under Title 28 U.S.C. § 2255 be filed with the court that imposed the Movant's sentence.  <u>Grammas v. U.S.</u>, 376 F.3d 433 (5th Cir. 2005).

## INTRODUCTION:

As a matter of introduction, the Movant submits that trial counsel's failure to file a notice of appeal of the Movant's judgment of sentence in the related criminal case, despite Movant's specific instructions to file a notice of appeal and an appeal, constitute a denial of his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.  This error is not merely procedural, but substantially infringed upon the Movant's constitutional right to due process of law under the Fifth Amendment, by depriving Mr. Wade of his right to a direct appeal of his criminal sentence.  Mr. Wade respectfully files the instant Memorandum in support of his Motion asking this Court for appropriate relief, including to vacate the Movant's sentence and a resentencing, in order that the Movant may file a direct appeal of his sentence.

The Movant will also seek to collaterally attack his sentence if his direct appeal is denied, however, he respectfully asks that this Court first grant his request to have his direct appeal reinstated, [and a new attorney appointed], because it is a well settled fact that until the direct appeal is completed, a defendant may not collaterally attack his sentence.  See U.S. v. Zuniga-Salinas, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991).

-Page 5-

## STATEMENT OF THE CLAIM:

CLAIM NUMBER ONE:  MR. WADE'S TRIAL COUNSEL RENDERED
INEFFECTIVE ASSISTANCE OF COUNSEL
BY FAILING TO FILE THE REQUESTED
NOTICE OF APPEAL AND APPEAL OF
WADE'S CRIMINAL JUDGMENT OF SENTENCE

-Page 6-

## ARGUMENT:

As the U.S. Supreme Court has explained, "the familiar Strickland standard applies to claims of ineffective assistance of counsel in connection with the failure of trial counsel to pursue an appeal...A petitioner must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." Garcia v. U.S., 278 F.3d 134, 137 (2nd Cir. 2002), citing Roe v. Flores-Ortega, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000), citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).

"A prisoner who files a motion under Section 2255 challenging a federal conviction is entitled to a 'prompt hearing' at which the district court is to 'determine the issues and make findings of fact and conclusions of law with respect thereto.' 28 U.S.C. § 2255. The hearing is mandatory 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Smith v. U.S., 348 F.3d 545 (6th Cir. 2003), citing Fontaine v. U.S., 411 U.S. 213, 215 (1973). Where there is "a factual dispute, the habeas court must hold an evidentiary hearing to determine the trust of the petitioner's claims." Turner v. U.S., 183 F.3d 474, 477 (6th Cir. 1999), citing Paprocki v. Flotz, 869 F.2d 281, 287 (6th Cir. 1989). It

-Page 7-

has been observed that a Section 2255 petitioner's burden "for
establishing an entitlement to an evidentiary hearing is
relatively light." Id.  Mr. Wade seeks an evidentiary hearing
from this Honorable Court, and an opportunity to develop the
record as to the constitutional violation impacting his sentence.
It is essential that this Court ensure that the Constitution,
the framework from which all federal law springs, not be violated
as to Mr. Wade.

-Page 8-

CLAIM NUMBER ONE:   MR. WADE'S TRIAL COUNSEL RENDERED
INEFFECTIVE ASSISTANCE OF COUNSEL
BY FAILING TO FILE THE REQUESTED
NOTICE OF APPEAL AND APPEAL OF
WADE'S CRIMIAL JUDGMENT OF SENTENCE

A.)   The Facts

Mr. Wade hereby expressly re-adopts, re-alleges, and incorporates by reference as if more fully set forth herein, his contemporaneously filed "Petitioner Whetsel Wade's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody"; "Petitioner Whetsel Wade's Affidavit Of Fact In Support Of Petitioner Whetsel Wade's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody"; and the facts alleged therein.

Mr. Wade specifically has verified the instant Memorandum as being truthful and correct, to the best of his personal knowledge, subject to the penalty of perjury.  (See Verificiation, below.)

-Page 9-

Mr. Wade was arrested on March 05, 2005, on criminal charges that are the subject of the instant Memorandum and related Motion For Relief Under 28 U.S.C. § 2255. Wade remained incarcerated in federal custody from March 05, through approximately December 23, 2005, when he was released on bond. Mr. Wade retained criminal counsel Mr. Glenn Hardy and his law firm to represent him in the subject criminal proceedings.

During the course of several conversations Mr. Wade had with his attorney about the charges, Mr. Hardy advised Wade that he could negotiate a plea agreement for Wade, in which Wade would agree to plead guilty, in exchange for a (48) month prison sentence, with credit for the time Wade spent incarcerated before sentencing. On or about April, 2007, Mr. Wade plead guilty, upon the advice of his attorney, Mr. Hardy, to one count of Conspiracy To Obstruct Commerce By Robbery, Title 18 U.S.C. § 1951(a) and to one count of Brandishing A Firearm During A Crime Of Violence, Title 18 U.S.C. § 924(c)(1)(A)(ii). Mr. Wade agreed to plead guilty because of the promise his attorney Hardy made to him that his prison sentence would be (48) months, with credit for the time Wade spent incarcerated pre-sentencing.

On or about April 16, 2009, Mr. Wade's bail bond was revoked, and he was placed back into federal custody. He has remained incarcerated ever since.

-Page 10-

During the time that Wade was held in federal custody pre-sentencing, his attorney, Mr. Hardy, made absolutely no visits to meet with him to prepare for Wade's sentencing.

Between approximately April 16, 2009 and August 07, 2009, Mr. Wade was able to have (2) telephone conversations with his attorney, Mr. Hardy, with respect to Wade's upcoming sentencing. Mr. Hardy again reiterated his promise that Wade was going to be sentenced to (48) months in federal prison, with credit for time served. During neither of these (2) conversations did Mr. Hardy advise Wade as to how the Sentencing Guidelines worked, nor did he even mention them to Wade.  This topic was never discussed before Wade's Sentencing Hearing.  Likewise, at no time prior to the Sentencing Hearing, did Mr. Hardy provide Wade with a copy of the Probation Department's Presentence Investigation Report, ("PSI"), nor did counsel Hardy ever mention it.

On or about August 07, 2009, this Court held what was to be Mr. Wade's Sentencing Hearing.  Unfortunately, this Hearing was cancelled shortly after it began, because Mr. Hardy, in front of this Court, handed Mr. Wade a copy of the PSI, for the first time ever, during the actual Sentencing Hearing.  As the Court properly recognized that Mr. Wade had not been prepared for sentencing, it adjourned and rescheduled the Sentencing Hearing for approximately August 14, 2009.

On or about August 12, 2009, approximately two days before
the second Sentencing Hearing, Mr. Wade called his attorney
Hardy from the jail telephone, to discuss the PSI that Hardy
had handed Wade in court the previous week, without explanation.
During this telephone conversation, Wade complained to his
attorney that he was very upset about what he read in the PSI
as far as sentencing recommendations, because this was not at all
what he was promised by Hardy.  Mr. Hardy attempted to calm Mr.
Wade down, and advised him not to worry about what the PSI said,
that it was only a recommendation, and that "everything is going
to be OK".  Mr. Hardy advised Wade that he was still "looking at"
the (48) month prison sentence they had talked about.

As Wade was still very concerned, Wade specifically told
Mr. Hardy that he was to file an appeal of his sentence, should
the court sentence him to a prison sentence longer than (48) months,
or not give him credit for the time already served.  Mr. Hardy
advised that should this happen, he would file a Notice of Appeal
on Wade's behalf within 10 days of sentencing, and that he would be
in contact with Wade in the future, after sentencing, about the
appeal.  This telephone conversation on approximately August 12,
2009 was the only conversation or contact Wade had between the
time of the first Sentencing Hearing of approximately August 07, 2009,
and the second Sentencing Hearing of August 14, 2009 (approximately).

Mr. Wade's second Sentencing Hearing was held on or about
August 14, 2009, at which time this Court sentenced Wade to
(75) months in federal prison, with 25 months on the § 1951(a)
count, plus (50) months on the § 924(c) count, to run consecutively.
(See Judgment In A Criminal Case.)  Immediately after the sentence
was pronounced, Mr. Wade reminded his attorney to make sure he
filed the appeal, and Mr. Hardy assured Wade that he would.

Mr. Wade reasonably relied upon his attorney to follow Wade's
instructions, and file the appeal of his sentence,  specifically
because Mr. Hardy had also advised that he would file the Notice
of Appeal, and then contact Wade to discuss the appeal.  Mr. Wade
remained incarcerated after sentencing, (and is still incarcerated).
Wade has had no access to the Court's electronic docket, as he
does not have Internet or email access, and has not had it.
Likewise, as Wade has been represented by Counsel, all communications
to and from the Court are through Counsel, and Wade is not "copied"
on them.

Mr. Wade has diligently attempted to follow-up on the status
of his appeal.  Mr. Wade attempted telephone calls to Mr. Hardy
on August 25th, 26th, 27th, and 28th, 2009, to discuss his appeal,
but his calls were not accepted by Hardy or there was no answer.
Specifically, also, on August 29th, 2009, Wade telephone his
attorney Hardy from MDC Brooklyn (where he was then incarcerated),
and attempted three collect calls to Hardy.  Hardy answered the

telephone, and hung up all three times without accepting the calls.

Mr. Wade exercised diligence by sending two letters, each, to the Court and to the prosecutor, Ms. Lara Treinis Gatz, in reference to the issues with his sentence, his attorney's performance, and his appeal.  These letters were mailed in August, 2009, right after Wade's attorney refused to accept his telephone calls, and again in approximaelty July, 2010.  (Mr. Wade has not received a response to these letters.)

Mr. Wade also exercised diligence by sending (3) letters to his attorney, in reference to the issues with his sentence and the status of his appeal.   These letters were mailed in approximately September, 2009, February, 2010, and June, 2010. (Mr. Wade received no response to these letters.)

Since the date of Mr. Wade's sentencing, his attorney, Mr. Hardy, has made absolutely no contact with Mr. Wade whatsoever, despite diligent efforts by Mr. Wade to establish contact.

Since the date of Wade's sentencing, he has instructed a number of friends and family members to assist him in contacting his attorney.  A number of these people have reported to Wade that they did telephone and speak with Mr. Hardy on Wade's behalf. All reported that Hardy was somewhat aloof, but that he informed them that he was filing an appeal of Wade's sentence.  Hardy

never had a lot of "details" available, and always told Wade's friends and family that he would get back with them to let them know what was going on. Mr. Hardy told Ms. Ahnia Johnson, of Brooklyn, NY, during the week of August 12, 2009, that the appeal would take approximately one year to go thru. Mr. Hardy never "got back to" any of the people who called on Wade's behalf. (See Petitioner Whetsel Wade's Affidavit In Support Of Petitioner Whetsel Wade's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, filed Contemporaneously with the instant Memorandum.)

Finally, on October 25, 2010, Mr. Wade wrote a letter to the Clerk of this Court, inquiring as to the status of his appeal, since he was unable to get any information from his attorney, Mr. Hardy, who was supposed to be handling the appeal. On November 15, 2010, Wade received a response from this Court's Clerk, informing him that "Your case has been closed. There is no appeal on file in this Court." (Please see Exhibits A and B, attached hereto and incorporated by reference.) It was at this time that Wade first learned that his attorney, Mr. Hardy, had apparently never filed the Notice of Appeal, or appeal as to Mr. Wade's sentence, as Wade had requested he do, as he had agreed that he would do, and as he had informed Mr. Wade's friends and family members that he had done and was working on.

-Page 15-

Mr. Wade submits that sentencing, and direct appeal, are
critical stages, to which the Sixth Amendment Right to the
effective assistance of Counsel attaches.  Wade further submits
that his attorney's failure to file the Notice of Appeal and appeal
as Wade directed, deprived him of Counsel during a critical stage.
Actually, Counsel's error was much worse, as it also completely
deprived Wade of his right to a direct appeal of his criminal
sentence -it denied him the right to the entire appellate proceeding.

Wade submits that his attorney's performance was deficient.
Wade also submits that, given the set of facts in this case, prejudice
must be presumed.  Wade was prejudiced by his Counsel's unprofessional
performance.  Had Counsel filed the Notice of Appeal as Wade insisted,
the result of these proceedings would have probably been different.
Mr. Wade would have appealed his sentence, as is his right.  Due to
the ineffective assistance of Counsel, Wade was denied this right.

B.) Analysis

The Sixth Amendment to the United States Constitution guarantees criminal defendants the assistance of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." Kimmelman v. Morrison, 477 U.S. 363, 377 (1986); see Evitts v. Lucey, 469 U.S. 387, 396 (1985) (holding due process requires effective assistance of appellate counsel). Hence, "the state bear[s] the risk of constitutionally deficient assistance of counsel." Id. at 379; see Murray v. Carrier, 477 U.S. 478, 488 (1986) (noting responsibility for procedural default resulting from ineffective assistance of counsel imputed to State).

In Evitts v. Lucey, 469 U.S. 387 (1986), the U.S. Supreme Court acknowledged the importance of appellate counsel when it noted that "the services of a lawyer will for virtually every layman be necessary to present an appeal in a form suitable for appellate consideration on the merits." 469 U.S. at 393. Thus, the right of an appeal "is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." Id. at 396. In Evitts, appellate counsel filed a timely notice of appeal, but failed to include a statement of appeal with his brief as required by the local rules. Id. at 389. The Court refused to address the standard for evaluating claims of ineffectiveness of appellate counsel because

it was clear that "counsel's failure to obey a simple court rule that could have such drastic consequences required" a finding of ineffectiveness. Id. at 392.

In the instant case, the impact of counsel's error had far more drastic consequences because it foreclosed Mr. Wade from seeking any appellate review. Pursuant to Federal Rule of Appellate Procedure 4(b)(1), upon the entry of either the judgment or the order being appealed, counsel has 14 days to file the defendant's notice of appeal in the district court. [At the time of Petitioner's sentencing, the Rule was 10 days.] This Court entered the judgement of conviction and sentence on or about August 14, 2009. However, counsel in this case never filed a notice of appeal at all, despite explicit instructions from the Petitioner to do so, and Counsel's committment that he would do so. Counsel's failure to timely file Wade's notice of appeal was unjustified. Moreover, counsel's error prevented the United States Court of Appeals For The Second Circuit from considering the merits of Wade's appeal from his sentence, completely depriving Wade of a viable review of his criminal sentence. Like the Evitts case, counsel's failure to obey a simple court rule that had such "drastic consequences" on Wade's ability to pursue appellate relief requires a finding of ineffectiveness. Evitts v. Lucey, 469 U.S. at 362.

-Page 18-

"A lawyer who disregards a defendant's specific instructions to file an appeal acts in a manner that is unprofessionally unreasonable." Garcia v. U.S., 278 F.3d 134, 137 (2nd Cir. 2002), citing Roe v. Flores-Ortega, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000). "The petitioner has also shown prejudice when he shows that he would have taken an appeal, such as when he asked his counsel to file the appeal; he need not make a showing of the merits of the appeal. Id. at 137, citing Roe v. Flores-Ortega at 484, 120 S. Ct. 1029; McHale v. U.S., 175 F.3d 115, 119 (2nd Cir. 1999) (failure to file notice of appeal constitutes inefective assistance of counsel). "This is so because the petitioner has been deprived of his right to a direct appeal whatever the merits of the appeal." See Rodriquez v. United States, 395 U.S. 327, 330, 89 S. Ct. 1715, 23 L.Ed.2d 340 (1969) (petitioner denied right to appeal where counsel failed to file requested notice of appeal).

Furthermore, the Petitioner again notices the Court that the relief he is seeking in the instant Memorandum and Motion, is the vacating of his sentence and a resentencing, so that he may then file a timely notice of appeal. Any other collateral claims the Petitioner has, he is expressly reserving for a collateral attack following the affirmance of his sentence on direct appeal, should it be affirmed. Likewise, the Petitioner will file a collateral attack should this Court deny him the relief requested. This is the proper procedure, as true collateral attacks on a sentence

may not be brought until the direct appeal stage is completed. Accordingly, the Petitioner has not listed his various claims in the instant Motion or Memorandum, but respectfully reserves them. See U.S. v. Zuniga-Salinas, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991); Aron v. U.S., 291 F.3d 708, (11th Cir. 2002).

## C.) Conclusion

The Petitioner's Counsel was ineffective, in violation of the Petitioner's rights under the Sixth Amendment. Prejudice is presumed, as it cost him the right to his direct appeal. In the alternative, prejudice has been demonstrated. The Petitioner specifically told his attorney to file an appeal, and his attorney responded that he would first file a timely notice of appeal and then the appeal. The attorney did neither. Had the notice of appeal been filed, Mr. Wade absolutely would have appealed his criminal sentence.

The instant claim is a fairly simple and straightforward one, with a fairly simple solution. Both the United States Supreme Court and the Second Circuit Court of Appeals have held that when a petitioner has successfully shown that the petitioner was denied the right to direct appeal, the proper remedy is to vacate the sentence and remand for resentencing. See Garcia v. U.S., 278 F.3d 134, 137 (2nd Cir. 2002); Rodriquez v. U.S., 395 U.S. 327, 332, 89 S. Ct. 1715 (1969) (remanding to district court for

-Page 20-

resentencing where trial counsel failed to file a notice of appeal);
McHale v. U.S., 175 F.3d 115, 119-20 (2nd Cir. 1999) (noting that
remand for resentencing is usual remedy for counsel's failure to
file requested appeal); Hollis v. U.S., 687 F.2d 257, 259 (8th Cir.
1982) (vacating sentence and remanding for resentencing where
attorney failed to file timely notice of appeal).

-Page 21-

## CONCLUSION:

WHEREFORE, the Petitioner, Whetsel Wade, respectfully requests that this Honorable Court:

1. Grant The Petitioner's Motin For Relief Under Title 28 U.S.C. § 2255;

2. Vacate The Petitioner's Sentences;  and

3. Resentence The Petitioner, Reinstating The Time Period Within Which Petitioner May File A Timely Notice of Appeal;  Or, In The Alternative,

4. Order An Evidentiary Hearing.

Respectfully Submitted:

Mr. Whetsel Wade
Fed. Reg. No.:  71574-053
FCI Big Spring
1900 Simler Avenue
Big Spring, TX  79720

Petitioner, Pro se
11-29-10

-Page 22-

## VERIFICATION

    I, **Whetsel Wade, do hereby certify,** under the penalty of perjury, under the laws of the United States of America and Title 28 U.S.C. § 1746, that I am of legal age and of sound mind, that I have personal knowledge of the facts stated above, and that the above-stated facts are true and correct to the best of my knowledge.

Mr. Whetsel Wade
11-29-10

## EXHIBIT A

Mr. Whetsel Wade
Fed. Reg. #71574-053
FCI Big Spring
1900 Simler Avenue
Big Spring, TX  79720


United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, NY  11722
Attn.:  Clerk of the Court


Monday, 10-25-10


      Re:  U.S. v. Wade
          Case No.:  CR-05-16(JS)


Dear Clerk:

    I am the Defendant in the above-listed action.

    I am writing to inquire as to the current status of my Appeal.

    My attorney, Mr. Glenn Hardy, was supposed to have been working on this, but it has been a longtime since I have heard anything. Initially, Mr. Hardy told me the appeal would take about a year, but there has been a break-down in the communication and relationship between Mr. Hardy and I since then.  I have placed countless telephone calls to Mr. Hardy, yet he has not accepted them and has not returned my calls.  None of the letters I have written him have been responded to.  I have also had family members and friends attempt to contact Mr. Hardy, with a similar lack of success.  Obviously, as it has been over a year since my sentencing, and since I have been able to speak with my attorney, I am interested in knowing the status of my appeal.

    I am respectfully requesting that you please write me, at the indicated above, and please inform me of the status of this appeal, including whether briefs have ben filed yet, and whether the appeal has been scheduled for oral argument.

    Thank You, in advance, for your help in this importance matter.

Page 2


Thank You, in advance, for your help in this important matter.


                                        Respectfully Yours,


                                        Mr. Whetsel Wade
                                        Fed. Reg. #71574-053
                                        FCI Big Spring
                                        Big Spring, TX  79720
                                        Defendant, Pro se


WW/lm
cc:  File

## EXHIBIT B

*PRO SE OFFICE*
## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK
#### 100 FEDERAL PLAZA
#### CENTRAL ISLIP, NY  11722
#### (631) 712-6060

Date: _____

Re: _____ ( ___ )

Dear _____ :

The enclosed _____ is being returned without docketing for the following reason(s):

(   )   The docket number and judge's initials are missing.

(   )   Your signature is required on all papers filed with the Court.  Please sign wherever an "X" appears.

(   )   These papers appear to be intended for another court or agency.

(   )   Papers cannot be filed without indicating that they have been served on your opponents or their attorneys. This office *will not* forward copies of your papers to your defendants or their counsel.  An <u>Affirmation of Service</u> form is enclosed.

(   )   Your declaration of poverty is incomplete. Please answer question(s) _____.

(   )   Your papers do not meet the minimum requirements for:

      (   )   Legibility: please type or print clearly.
      (   )   Language: only <u>English</u> is acceptable.
      (   )   Form or Content:  See forms/instructions enclosed.
      (   )   Please indicate the documents you served on your affirmation of service.
      (   )   Other:

(   )   You must include the $350.00 filing fee payable by cash (in person only), certified check, money order or personal check, made payable to "Clerk of Court-E.D.N.Y.", or file a declaration of poverty (enclosed).

(   )   Each plaintiff must sign the complaint and each must submit a separate application to proceed <u>In Forma Pauperis</u> if you wish to have the filing fee waived.

(   )   Pursuant to Local Civil Rules 5.1, discovery materials are not filed with the Court except by Order of the Court.

(   )   This Court will only accept papers on 81/2 by 11 paper. Note that this does not include exhibits.

( X )   Other: _Your letter is enclosed since it is unable to file in this Court._

*PRO SE* OFFICE
By: /s/ C.Vukovich

-CERTIFICATE OF SERVICE-

I DO HEREBY CERTIFY, under the penalty of perjury, under the laws of the United States of America and Title 28 U.S.C. § 1746, that a true and correct ORIGINAL of the foregoing document,

**"Petitioner Whetsel Wade's Memorandum of Law In Support Of Petitioner Whetsel Wade's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody"**,

has been filed today, this 29th day of November _____, 2010, by placing it in an envelope, with First Class United States Postage Prepaid and Affixed, and delivering it to the prison officials at FCI Big Spring, where I am presently incarcerated, for further delivery to the United States Post Office, for further delivery to the United States District Court For The Eastern District of New York, Long Island Federal Courthouse, 100 Federal Plaza, Central Islip, NY 11722, Attention Clerk of the Court,

for scanning and entry into the Court's electronic filing (CM/ECF) system. As I am an incarcerated, Pro se litigant, the Pro se Prison Mailbox Rule holds that this document is timely filed today. See Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S. Ct. 2379 (1988). Consistent with the Court's Rules For Electronic Filing, Notice will be sent by operation of the Court's CM/ECF system, to all parties on the Electronic Filing Receipt. Pursuant to Fed.R.Civ.P. 5(b)(2)(E) and 5(b)(3). Notice by electronic mail constitutes service. Specifically, Notice will be served electronically upon the following parties:

**Ms. Lara Treinis Gatz
Assistant United States Attorney**

Whetsel Wade
11-29-10