```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
WHETSEL WADE,

                Petitioner,

      -against-                      MEMORANDUM & ORDER
                                     10-CV-5727(JS)
UNITED STATES OF AMERICA,

                Respondent.
----------------------------------x
APPEARANCES
For Petitioner:     Whetsel Wade, pro se
                    802 Crescent St.
                    Brooklyn, NY 11208

For Respondent:     Lara Treinis Gatz, Esq.
                    United States Attorneys Office
                    610 Federal Plaza
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

Whehsel Wade ("Petitioner") petitions this Court pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, his Petition is DENIED.

BACKGROUND

Petitioner was charged under five criminal counts in connection with a robbery in Rockville Centre, New York. On December 23,, 2005, Petitioner pled guilty to one count of Conspiracy to Interfere with Commerce by Threats or Violence in violation of 18 U.S.C. § 1951(a) and one count of Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On August 14, 2009, the Court sentenced Petitioner to twenty-five months in prison on the conspiracy count and fifty months in prison on the firearm count, for a total of

seventy-five months, followed by five years post-release supervision. (See Case Number 05-CR-0016, Docket Entry 663.)

DISCUSSION

Petitioner now asserts that he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to file a timely notice of appeal of Petitioner's prison sentence. (Pet. ¶ 12.) According to Petitioner, he told his counsel that if he [Petitioner] received more than a forty-eight month sentence, Petitioner wanted counsel to appeal. (Pet. ¶ 12.) Petitioner maintains that when he received his seventy-five month sentence, he again told counsel to file an appeal. (Pet. ¶ 12.) Despite counsel's promises to do so, an appeal was not filed. (Pet. ¶ 12.)

The Court will first address the applicable legal standard before turning to the merits of the Petition.

I. Legal Standard

A. Generally

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." Harrington v. Richter, --- U.S. ----, 131 S. Ct. 770, 780, 178 L. Ed. 2d 624 (2011).

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate,

> set aside or correct the sentence.

28 U.S.C. § 2255(a).

> If the court finds . . . that there has been such a denial or infringement of the constitutional rights of the prisoner . . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Id. at § 2255(b).

"The Court's discretion to grant relief under section 2255 is to be exercised sparingly, for such applications 'are in tension with society's strong interest in the finality of criminal convictions.'" Castro v. United States, --- F. Supp. 2d ----, 2014 WL 320476, at *4 (E.D.N.Y. Jan. 29, 2014) (quoting Elize v. United States, No. 02-CV-1350, 2008 WL 4425286, at *5 (E.D.N.Y. Sept. 30, 208); citing Brecht v. Abrahamson, 507 U.S. 619, 633-34, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)).

Further the Supreme Court has held that, as a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693, 155 L. Ed. 2d 714 (2003) (citing U.S. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594, 71 L. Ed. 2d 816 (1982); Bousley v. United States, 523 U.S. 614, 621-22, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998)). The Supreme Court has held, however, that ineffective assistance of counsel claims may be "brought in the first instance

in a timely motion in the district court under § 2255 whether or not the petitioner could have raised the claim on direct appeal." Id.

  B.  Timeliness

To bring a motion under § 2255, a petitioner must file the motion within one-year of the sentence that is being challenged. The one-year period runs from the latest of "(1) the date on which the judgment of conviction becomes final; . . . [or] (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

II. Procedural Barred

As noted, Petitioner states that, after he received his seventy-five month prison sentence, he informed his counsel that he wanted counsel to file a timely notice of appeal as to the sentence. (Pet. ¶ 12.) Petitioner argues that he "reasonably relied upon his attorney to follow [Petitioner's] instructions, and file the appeal of his sentence." (Pet'r's Br., Docket Entry 1-2, at 12.) Petitioner argues that, because he was incarcerated, he did not have access to e-mail or the internet and, thus, he could not check the electronic docket. (Pet'r's Br. at 12.) Petitioner argues that he "diligently attempted to follow-up on the status of his appeal" via telephone calls to his counsel on August 25, 26, 27, and 28, 2009. (Pet'r's Br. at 12.) Petitioner alleges that

4

his calls were not accepted or there was no answer and that he attempted three collect calls but counsel hung up all three times. (Pet'r's Br. at 12-13.)

Petitioner further asserts that he sent three letters to his attorney in September 2009, February 2010, and June 2010, respectively. (Pet'r's Br. at 13.) Petitioner argues that he also sent letters to the Court and the prosecutor in August 2009 and July 2010, respectively. (Pet'r's Br. at 13.) Finally, he says, that On October 25, 2010, he sent a letter to the Clerk of the Court, and on November 15, 2010, he received a response that "[his] case had been closed [and] [t]here is no appeal on file in this Court." (Pet'r's Br. at 14.) Petitioner then filed the present motion less than one month later.

Petitioner did not contact the Clerk of the Court until more than fourteen months after his sentence was imposed and therefore failed to meet the "due diligence" requirement of § 2255. According to Federal Rule of Appellate Procedure 4(b)(1), a criminal defendant's notice of appeal must be filed within fourteen days of the entry of judgment. Petitioner's judgment was entered on August 14, 2009. Petitioner "could have [ ] discovered [counsel's failure] through the exercise of due diligence" (28 U.S.C. § 2255(f)(4)) fifteen days later on August 29, 2009, by which time counsel had failed to file a timely notice of appeal. Petitioner had one year from then to file the present motion. As

Petitioner did not file his motion until December 9, 2010, Petitioner's motion does not meet the one-year statute of limitations of § 2255. Petitioner's motion, therefore is procedurally barred.

III. <u>Ineffective Assistance of Counsel Standard</u>

Even if not procedurally barred, the Petition otherwise fails on the merits. "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970) (citing <u>Reece v. Georgia</u>, 350 U.S. 85, 90, 76 S. Ct. 167, 170, 100 L. Ed. 77 (1955); <u>Glasser v. United States</u>, 315 U.S. 60, 69-70, 62 S. Ct. 457, 464-65, 86 L. Ed. 6880 (1942); <u>Avery v. Alabama</u>, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940); <u>Powell v. Alabama</u>, 287 U.S. 45, 57, 53 S. Ct. 55, 59-60, 77 L. Ed. 158 (1932)).

In <u>Strickland v. Washington</u> the Supreme Court established a two-part test to determine whether counsel's assistance was ineffective. 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). <u>First</u>, "[Petitioner] must show that counsel's representation fell below an objective standard of reasonableness." <u>Id.</u> at 688. To meet the first prong of the <u>Strickland</u> test, Petitioner must overcome the strong presumption that the challenged was sound strategy under the circumstances at the time. <u>See</u> <u>id.</u> at 689 ("[A] court must indulge a strong presumption that counsel's

6

conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound [ ] strategy." (internal quotation marks and citation omitted)). Second, Petitioner must show that counsel's performance prejudiced his defense; "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 (noting "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome").

   A. Analysis

Assuming, arguendo, Petitioner can prove counsel's representation fell below an objective standard of reasonable, Petitioner cannot establish the second Strickland prong. As Respondent argues, count two of Petitioner's guilty plea had a minimum imprisonment term of seven years (eighty-four months), "which shall run consecutive to any other term of imprisonment imposed, per 18 U.S.C. § 924(c)(1)(A)(ii)." (Presentence Investigation Report ("PIR") ¶ 242; see also Resp't's Br., Docket Entry 5, at 4.) Petitioner's Sentencing Guideline range was 100 months to 125 months. (PIR ¶ 243.)

As stated supra, this Court sentence Petitioner to seventy-five months total (twenty-five months on count one and fifty months on count two). This Court's sentence reflected the

Government's 5K letter indicating Petitioner's substantial assistance to the Government which permitted the Court to downwardly depart from the mandatory minimum. (U.S. Sentencing Guidelines § 5K1.1.) As this Court's sentence already departed from the mandatory minimum and the Sentencing Guidelines range, Petitioner fails to establish that, "a reasonable probability [exists] that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In other words, Petitioner fails to establish the reasonable probability that an appeal would have been successful if counsel had filed a timely notice of appeal. Petitioner's claim is, therefore, DENIED on substantive grounds as well.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

For the reasons set forth above, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DENIED. Because there can be no debate among reasonable jurists that Petitioner was entitled to habeas relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); see also Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioner and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April   28  , 2014
       Central Islip, New York